IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARY C. ZERVOS, <u>et al.</u>       :
                                    :
v.                                  :    Civil No. WMN-98-3389
                                    :
MCIL RESOURCES FOR INDEPENDENT      :
    LIVING, INC., <u>et al.</u>     :

### MEMORANDUM

This case arises out of allegations of the sexual harassment of two former employees of Defendant MCIL Resources for Independent Living, Inc. ["MCIL"] by their supervisor, Defendant Frank Pinter. The Complaint was originally filed on or about November 25, 1997 in the Circuit Court for Baltimore City and included eleven counts, all based on state law claims. On or about September 22, 1998, Plaintiffs amended the Complaint to add a claim against MCIL under Title IX. Based on the federal question jurisdiction inserted into the action by the inclusion of the Title IX count, Defendants removed the case to this Court.

Defendant Pinter has moved for partial summary judgment on Plaintiff's state law intentional infliction of emotional distress claim. Paper No. 38. Defendant MCIL has moved for summary judgment as to all claims brought against it. Paper No. 39. MCIL attacks the substantive merits of Plaintiff's claims for unpaid wages and also argues that it is entitled to protection from liability as to several other counts under Maryland's charitable immunity doctrine. In addition, MCIL

seeks dismissal of the Title IX claim on the ground that neither Plaintiff exhausted administrative remedies as to those claims.

Plaintiffs have opposed both motions and Plaintiff Smith has filed a motion for partial summary judgment of her own. Paper No. 43. In addition, both Plaintiffs have moved the Court to remand the case back to the state court should the Court grant Defendant MCIL's motion as to the Title IX claim, that being the only independent basis for federal jurisdiction over this action. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that MCIL's motion for summary judgment on the Title IX claim should be granted and remaining state law claims should be remanded to the state court for resolution in that forum.

Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex against participants in federally funded educational programs. See 20 U.S.C. § 1681(a). The Supreme Court has made clear that there is an implied private right of action under Title IX. Cannon v. Univ. of Chicago, 441 U.S. 677 (1979). To bring such a private action, however, a plaintiff must first comply with the procedural regulations applicable to a claim brought under Title VI of the Civil Rights Act of 1964. See 34 C.F.R. § 106.71 (incorporating by reference into Title IX all procedural provisions applicable to Title VI). One of the requirements of Title VI is that the claimant file a

written complaint within 180 days of the date of the alleged discrimination. 34 C.F.R. § 100.7.

Plaintiffs acknowledge that they have never filed the requisite administrative complaint. See Smith Dep. at 362, Zervos Dep. at 554. To avoid dismissal of the Title IX claims notwithstanding that acknowledgement, Plaintiffs argue that there is no exhaustion requirement under Title IX. As support for this position, Plaintiffs cite to a series of cases that stand for the proposition that there is an implied private right of action under the statute. See Opp. at 11-13 (citing, inter alia, Cannon v. Univ. of Chicago). The holding that there is a private right of action, however, does not negate the exhaustion requirements. As Defendants observe, the regulations incorporating Title VI's administrative procedures into Title XI were adopted in 1980, after the Cannon decision. The Court finds that Plaintiffs' Title IX claims must be dismissed for failure to exhaust administrative remedies.

With the dismissal of the Title XI claims, this Court has only supplemental jurisdiction over Plaintiffs' remaining state law claims. As both Plaintiffs and Defendants correctly observe, the decision as to whether to retain jurisdiction over these claims, or to remand them to the state court, is a decision left to this Court's sound discretion. See Shanaghan v. Cahill, 58 F.3d 106, 109 (4th Cir. 1995). The supplemental jurisdiction

statute specifically provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).

Defendants' reasons why this Court should retain jurisdiction are threefold: 1) there are no novel or unsettled issues of state law to be resolved; 2) the claims could be tried sooner in this Court than in the state court; and 3) several of the potential witnesses are wheelchair users and, unlike the state court, this Court is wheelchair-accessible.  Addressing those reasons in reverse order, this Court notes that Defendants have submitted nothing to support their rather remarkable assertion that the state court is not wheelchair-accessible.  A telephone call to the Baltimore Courthouse confirmed that there is unobstructed access to the courthouse through the Guilford Street Garage entrance.

On the issue of trial dates, again, Defendants offer nothing to support the claim that it would take longer to get a trial date in the state court.  Although there is a trial date scheduled in this matter for May 15, 2000, it is unlikely that this case would be able to go forward on that date.  The undersigned has a criminal trial and a civil trial on the docket for that same date, both of which have a priority over this action.